No. 10,096.

KOBILAN *v.* DZURIS.

Decided May 1, 1922.

Action for injunction to restrain interference with the use of water and irrigation works. Decree for plaintiff.

*Reversed.*

1. WATER RIGHTS—*Conveyance.* A deed conveying water rights appurtenant to described land, does not include a reservoir not mentioned, which is not located on the property conveyed, and which was not part of the grantor's irrigation system or rights.

2. DECREE—*Essentials of.* A decree should fix with definiteness the rights and liabilities of the parties, and failing to do so, is erroneous and may be void.

3. WATER RIGHTS—*Injunction—Decree.* In a suit to restrain interference with the use of water and irrigation works, it is error to grant an injunction without definite findings as to the rights of the parties.

4. APPEAL AND ERROR—*Injunction—Insufficient Evidence.* In a suit for injunction, where the evidence is insufficient to support any proper decree, the cause will be dismissed.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Mr. L. W. CUNNINGHAM, Mr. WILLIS L. STRACHAN, for plaintiff in error.

Mr. C. B. HORN, Mr. JAMES A. ORR, Mr. W. D. LOMBARD, for defendant in error. .

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for an injunction to restrain defendant from interfering with plaintiff's "free use and enjoyment of the waters of Big Sandy Creek," a natural stream, and of springs arising in the bed of that creek, and also to restrain defendant from interfering with a certain reservoir located upon the above named stream. There was a decree for plaintiff, and defendant brings the cause here for review.

The plaintiff and defendant are adjoining landowners. The land belonging to plaintiff is separated from that of defendant by a county road which lies on a section line. The former owns 440 acres in section 21, and the latter 240 acres in section 20, all this being in township 11, range 62, El Paso County. On April 21, 1915, all of the land above mentioned was owned by one J. C. Waugh, who is the grantor of both parties to this controversy. On the date above named Waugh conveyed by deed to plaintiff the land in section 21, and by another deed conveyed his land in section 20 to the defendant. Both deeds contained the usual clauses as to the granting of appurtenances. No water, ditch, or reservoir rights are mentioned in defend-

ant's deed.   On the other hand, in the deed to plaintiff, Waugh appears to have conveyed all such rights which he then had, the granting clause containing the following language:

"Also all water and water rights connected with or appertaining to the said land especially including the Waugh Reservoir sites, the Phillips Ditch, the Phillips Ditch No. 2 and the ditch constructed by the grantor herein and A. M. Waugh."

The reservoir involved in this suit and in the injunction prayed for and granted is referred to in the record as Reservoir No. 2.   It is not expressly named in plaintiff's deed. It is located, not on the plaintiff's land, but on that of the defendant.   It may be assumed, as it apparently was by the trial court, that the plaintiff received, and now owns, all the water, ditch and reservoir rights which J. C. Waugh owned or could convey.   However, an examination of the record convinces us that the so-called Reservoir No. 2 is not really an irrigation reservoir, and at the time of Waugh's conveyance to plaintiff this reservoir was no part of his irrigation system, was not appurtenant to the lands conveyed to plaintiff, nor any part of his irrigation property or rights.

The reservoir in question was constructed prior to the year 1885, and during the last thirty-five years was not used for any irrigation purposes.   It was at one time convenient for watering stock and was likely constructed for that purpose.   No statement of claim was ever filed as to this reservoir.   It was never specifically mentioned in any conveyance.   It is not essential to plaintiff's use of his ditch or ditches or whatever water rights he has.   This fact is made more apparent by the existence of other reservoirs which are mentioned in the record.

The decree gives the plaintiff an easement over defendant's land for the purpose of ingress and egress to and from this reservoir, and adjudges plaintiff to be the owner of the reservoir.   The evidence is insufficient to support the decree in these particulars or to warrant the injunctive relief granted.

The decree is erroneous in another respect, namely, the matter of certainty. The trial court finds, in its decree, that plaintiff is the owner of certain lands and;

"Also all water and water rights connected with or appertaining to the said land especially including the Waugh Reservoir sites, and their source of supply from the springs and flood waters in the Big Sandy Creek, the Phillips Ditch, the Phillips Ditch No. 2, and the Ditch constructed by J. C. Waugh and A. W. Waugh."

The court further finds that "the springs arising in the Big Sandy Creek in said section 20," and the storage reservoir (hereinbefore referred to as reservoir No. 2) located in said section 20, and upon defendant's land, "are a part of the water rights connected with" the land of the plaintiff in section 21, "in a sufficient amount to irrigate about forty acres of land located in the northeast quarter of the northeast quarter of said section 21."

The decree then proceeds to enjoin the defendant from interfering with plaintiff's use and enjoyment of the lands and rights above mentioned and "from hindering plaintiff from going on said defendant's land along the course of the Big Sandy Creek for the purpose of maintaining and repairing" the reservoir No. 2, "and from in any way obstructing the free flow of the waters of the Big Sandy Creek and the springs arising therein or the plaintiff's use of said reservoir * * * which will in any way interfere with the plaintiff's use of said waters in a sufficient amount to irrigate about forty acres * * *."

"A decree should ascertain and fix with definiteness and certainty the rights and liabilities of the respective parties to the cause. If it is uncertain and indefinite in these particulars it is at least erroneous, and may be void." 21 C. J. 658.

Looking to the decree, it is uncertain what are the rights of the plaintiff which defendant must respect and not interfere with. It was error to grant the injunction without an adjudication, or certain and definite findings, as to the rights of each party, especially the plaintiff, concerning

the use of water from the Big Sandy Creek, and its springs, for irrigation purposes, and without first determining the amount of water appropriated by the plaintiff or his grantor and the date from which said appropriation became effective. If the defendant must not interfere with plaintiff's water rights, he must also be clearly apprised of what those rights are and to what extent they are superior to his own rights. The effect of the decree is similar to that of a decree under the adjudication statute, as between the parties to the suit, and plaintiff must make the same strict proof here as in a statutory adjudication proceeding. *Church v. Stillwell,* 12 Colo. App. 43, 54 Pac. 395.

The evidence is insufficient to support any proper decree, and so the cause is not remanded for a modification of the decree, but the judgment is reversed and the cause remanded with directions to dismiss the suit without prejudice.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.